**ORIGINAL**



**FILED**

02/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0033

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0033

_____

SCOTT LEHRKAMP,

      Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

      Respondent.

O R D E R

_____

Scott Lehrkamp has filed a Petition for Writ of Habeas Corpus, challenging the decision of Board of Pardons and Parole (Board) to revoke his parole. Lehrkamp argues that the Board erroneously relied on conditions of parole that this Court ordered stricken from his judgment and that it should not have revoked his parole "[until] a guilty verdict" of the pending charges that led to the revocation. Lehrkamp contends that his due process rights have been violated and requests his immediate release.

Lehrkamp refers to our decision on direct appeal of his conviction for felony criminal possession of dangerous drugs, for which the Lewis and Clark County District Court sentenced him as a persistent felony offender to ten years in prison. *State v. Lehrkamp*, 2017 MT 203, 388 Mont. 295, 400 P.3d 697. We affirmed Lehrkamp's conviction but remanded with instructions to the sentencing court to strike the recommended conditions of community supervision because they were not included in the oral pronouncement of sentence. *Lehrkamp*, ¶ 40.

Lehrkamp now argues that his parole cannot be revoked because it was based on Condition 19, requiring him to comply with all laws and "conduct himself as a good citizen," which does not exist after this Court's Opinion. He claims that his "hearing was based on false/illegal conditions of struck conditions." He explains that the State charged him with felony partner or family member assault (PFMA) on September 25, 2021, and

that Probation and Parole revoked his parole after a preliminary hearing on September 30, 2021. He argues that his due process rights were violated because: (1) he signed the Board's Notice of Rights/Waiver of Appearance at Revocation Hearing on December 10, 2021; (2) he had only seven days to submit his witness list and documentary evidence; (3) the appearance of his wife as a witness was denied by the Board; and (4) even though the PFMA offense is pending with a jury trial scheduled, the Board "violated [him] as though [he] is already guilty. . . ."

The September 30, 2021 Report of Violation attached to Lehrkamp's petition alleged that Lehrkamp committed a non-compliance violation of Condition 19 of his parole, citing the following supporting evidence:

> On 9/25/2021, Lehrkamp was the focus of a Partner Family Member Assault investigation conducted by the Lewis and Clark County Sheriff's Office. At the conclusion of the investigation, Lehrkamp was arrested and charged with Partner Family Member Assault-3rd Offense, a felony.

The Board revoked Lehrkamp's parole on December 21, 2021. The Board did not award any dead time credit and set a reappearance date for December 2022.

Lehrkamp's argument that he had no conditions on his parole is misguided. The Board has authority to impose conditions of parole, and it did so here. The Department of Corrections retains custody of parolees and supervises "the persons during their parole periods in accordance with the conditions set by the board." Section 46-23-1021(1), MCA (2013). Lehrkamp is under the supervision of the Department of Corrections and subject to any conditions imposed by the Board during his parole. "A condition on *parole* is a limited grant of freedom to someone who would otherwise be incarcerated." *McDermott v. McDonald*, 2001 MT 89, ¶ 24, 305 Mont. 166, 24 P.3d 200 (emphasis in original). The Board imposed these conditions at his initial parole hearing. Lehrkamp would have received a copy of these conditions when he was granted parole in 2020. Section 46-23-1021(3), MCA (2013). "A sentence, or condition included in that sentence, is a *limitation on liberty*. A condition on parole is not." *McDermott*, ¶ 17 (italics in original). The Board imposed a condition on Lehrkamp's parole to conduct

2

himself as a good citizen. The Board determined that Lehrkamp did not comply and revoked his parole on that basis.

Parole revocation involves certain due process requirements. The United States Supreme Court has held that following arrest, a parolee has a right to an administrative onsite hearing to determine if reasonable grounds for revocation exist. *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S. Ct. 2593, 2602 (1972). The Montana parole revocation process is governed by statutes and administrative rules. Sections 46-23-1021, 46-23-1023, and 46-23-1025, MCA (2013); Admin R. M. 20.25.801 (2012). Under these provisions, the Board has broad discretion in parole decisions. *McDermott*, ¶¶ 20, 24. Montana's statutory scheme for supervision of parolees provides the process they are due in tandem with the Board's rules. *See* Admin. R. M. 20.25.801 (2012) (rules for the on-site hearing and revocation of parole).

Neither the Board nor the Institutional Probation and Parole Office has violated Lehrkamp's due process rights. "After the arrest of the parolee, an initial hearing must be held unless[,] . . . the parolee has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA; Admin. R. M. 20.25.801(1) (2012). Lehrkamp was given written notice of the violation and had a preliminary hearing in September. Section 46-23-1023(1), (2), MCA; Admin. R. M. 20.25.801(4) (2012). The Board has discretion in the conduct of its proceedings and may decide whether witnesses testify— "but only if the witnesses have relevant testimony to present whether the parolee did or did not violate the conditions of release on parole[.]" Admin. R. M. 20.25.801(6) (2012). Conviction of a new offense is not required before an offender's parole may be revoked. Because the Board found that Lehrkamp violated his parole condition, it had reason to revoke his grant of parole. Admin. R. M. 20.25.801(16)(e) (2012).

We conclude that Lehrkamp's due process rights have not been violated. Lehrkamp has not demonstrated illegal incarceration and is not entitled to his immediate release. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Lehrkamp's Petition for a Writ of Habeas Corpus is DENIED.

3

The Clerk is directed to provide a copy of this Order to counsel of record and to Scott Lehrkamp personally.

DATED this 8th day of February, 2022.

_____

_____

_____

_____

_____
Justices

4